IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

ALBERT PEARSON,

        Plaintiff,

v.                                                                                    CIVIL ACTION NO. 4:15-cv-135

CITY OF HAMPTON, VIRGINIA,

        Defendant.

## *MEMORANDUM OPINION AND ORDER*

This matter comes before the court on a Motion submitted by the City of Hampton, Virginia ("Defendant") to dismiss the Amended Complaint of Albert Pearson ("Plaintiff") for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Having reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Defendant's Motion to Dismiss is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On January 12, 2016, Plaintiff filed a *pro se* Complaint, alleging racial discrimination by Defendant's employees. ECF No. 4. On September 30, 2016, the Court granted Plaintiff leave to file an Amended Complaint. ECF No. 14. On October 20, 2016, Plaintiff, through counsel, timely filed an Amended Complaint. ECF No. 16. On November 4, 2016, Defendant filed the instant Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction. ECF No. 17.

The Amended Complaint alleges that Plaintiff, an African-American employee of the City of Hampton Public Works Department, was subjected to unequal treatment by his

1

Caucasian supervisors because of his race. The Amended Complaint further alleges that Plaintiff's employment was terminated as retaliation for his having lodged a formal complaint about the aforementioned unequal treatment.

Defendant's Motion to Dismiss argues that this Court does not have subject matter jurisdiction over Plaintiff's Amended Complaint because Plaintiff has failed to demonstrate that he exhausted all administrative remedies before filing.

## II. LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is appropriate when a defendant seeks to defend against a claim by asserting that the court in which the claim is filed does not have subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

The threshold issue here is whether the Court has subject matter jurisdiction over Plaintiff's claims of racial discrimination and retaliation in violation of Title VII. "Title VII of the Civil Rights Act of 1964 creates a federal cause of action for employment discrimination. Before a federal court may assume jurisdiction over a claim under Title VII, however, a claimant must exhaust the administrative procedures enumerated in 42 U.S.C. § 2000e-5(b)." *Davis v. N. Carolina Dep't of Correction*, 48 F.3d 134, 136-37 (4th Cir. 1995).

The first step in that administrative procedure involves the plaintiff filing a "charge" with the U.S. Equal Employment Opportunity Commission ("EEOC"). *See Balas v. Huntington*

*Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013); *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). The EEOC then investigates the charge's claims and determines whether it will grant the plaintiff the right to sue his employer. Therefore, as a jurisdictional matter, "Title VII claims may only be brought in federal court after the EEOC has investigated the [charge's] claim, made a determination as to the claim's merit, and issued a right-to-sue notice." *Davis v. N. Carolina Dep't of Correction*, 48 F.3d 134, 138 (4th Cir. 1995). It is adherence to this procedure that gives a federal court subject matter jurisdiction over Title VII claims.

Plaintiff in the instant case adhered to this procedure. Despite not filing the charge with the Court, Plaintiff attached his right-to-sue letter to the Amended Complaint. The existence of the right-to-sue letter demonstrates that Plaintiff has met the jurisdictional requirements to bring suit, including the filing of a charge. Indeed, the right-to-sue letter references "EEOC Charge No. 437-2014-00807." This, combined with the allegations Plaintiff makes in his Amended Complaint, gives the Court subject matter jurisdiction over the instant matter.

However, Defendant is correct in arguing that the charge is critically important in a Title VII suit. "The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). While the Court has subject matter jurisdiction over this matter, the scope of that jurisdiction is unclear without knowing which discrimination claims were stated in the charge. The Court requires further information on this point.

3

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). It is in the interest of justice for the Court to give Plaintiff leave to file a second amended complaint for the purpose of establishing the scope of the Court's jurisdiction in this matter.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**. Additionally, the Court **GIVES** Plaintiff leave to file a second amended complaint within fifteen (15) days of the filing of this Order. The Court **DIRECTS** the Clerk to send a copy of this Order to the Parties.

**IT IS SO ORDERED**.

Norfolk, Virginia
December _16_ , 2016

Raymond A. Jackson
United States District Judge

4